JOURNAL ENTRY AND OPINION
The appellant, Pera Cvekic, appeals the decision of the trial court denying his motion for post conviction relief. For the following reasons, we affirm the decision of the trial court.
The appellant was originally charged with aggravated menacing, R.C.2903.21, and domestic violence, R.C. 2919.25, in the Parma Municipal Court, Case Nos. 98-CRB-04086 and 98-CRB-04087 respectively. On April 7, 1999, while the two original cases remained pending, appellant was additionally charged with bigamy, pursuant to R.C. 2919.01, in Case No. 99-CRB-01633-1-1. This case was merged with the other two cases for a pretrial.
At this point, Cvekic had retained his own counsel and, on June 16, 1999, he agreed to a plea bargain which involved a plea to the bigamy charge, a plea to a charge of disorderly conduct (for the domestic violence charge), and the dismissal of the aggravated menacing charge. Cvekic was subsequently sentenced by the trial court pursuant to the plea bargain.
Following his sentencing, Cvekic alleges that on or about July 29, 1999, he received a Notice to Appear letter from the U.S. Department of Justice/Immigration and Naturalization Service ("INS"). Cvekic's new counsel filed a motion for post-conviction relief or, in the alternative, a motion to withdraw his guilty plea alleging that Cvekic had not been informed by the trial court of the immigration consequences of his June 16, 1999 plea. The motion also contained what has been argued by Cvekic to be a letter from the INS.
On January 19, 2000, the trial court conducted a hearing on the motion which included testimony by Cvekic. On March 31, 2000, the trial judge issued findings of fact and conclusions of law denying Cvekic's motion for relief. This appeal now follows, asserting one assignment of error:
 A TRIAL COURT COMMITS PREJUDICIAL ERROR WHEN IT FAILS TO ADVISE AN ALIEN RESIDENT THAT HE COULD BE DEPORTED AS A RESULT OF ENTERING A GUILTY PLEA IN A CRIMINAL MATTER, IN VIOLATION OF R.C. 2943.031(A); AND COMMITS PREJUDICIAL ERROR WHEN IT FAILS TO GRANT APPELLANT'S MOTION TO WITHDRAW PLEA AND VACATE CONVICTION BASED UPON ITS PRECEDING ADVISEMENT FAILURE, IN VIOLATION OF R.C. 2943.031(D).
Cvekic contends that the trial judge committed reversible error when, before accepting his plea to the plea agreement, he failed to inform Cvekic of the consequences of his plea as a non-citizen, pursuant to R.C. 2943.031. Cvekic further contends that he experienced a prejudicial effect because of this failure.
We begin by noting that R.C. 2943.031 provides in pertinent part:
 (A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor, if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
 Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.
* * *
 (D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
 (E) In the absence of a record that the court provided the advisement described in division (A) of this section and if the advisement is required by that division, the defendant shall be presumed not to have received the advisement.
This court has held that:
 In order for the R.C. 2943.031 advisement to apply, the record must affirmatively demonstrate that a defendant is not a citizen of the United States through affidavit or other documentation. State v. Thomas (March 18, 1993), Cuyahoga App. Nos. 63719, 63720, unreported, 1993 Ohio App. LEXIS 1496. This Court has held further that there must be a showing of prejudicial effect caused by the trial court's failure to advise a defendant with respect to possible deportation before a motion to vacate a guilty plea will be granted. State v. Guild (Jan. 13, 1994) Cuyahoga App. No. 63407, unreported, 1994 Ohio App. LEXIS 54. State v. Isleim (August 18, 1994) Cuyahoga App. No. 66201, unreported, 1994 Ohio App. LEXIS 3637 at 5.
In order for a reviewing court to vacate the appellant's guilty plea, the appellant must be able to demonstrate a prejudicial effect by the trial court's failure to inform him of the possibility of deportation. See State v. Muller (1999), 134 Ohio App.3d 737; State v. Bisono (August 5, 1999, Cuyahoga App. No. 74446, unreported, 1999 Ohio App. LEXIS 3549.
This court, in Bisono, determined that the appellant had failed to demonstrate a prejudicial effect because "she faces only the possibility of deportation. Since no deportation order has been issued, and no further prejudice to Bisono can be ascertained from the record, the judge's error was harmless." Id. at 2.
In this case, the trial court stated that Cvekic's deportation problems were not because of his bigamy conviction, but because of the misrepresentations he made upon entering the United States. The Notice to Appear from the INS stated in pertinent part:
 * * *[I]t is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
 Section 237(a)(1)(A) of the Immigration and Nationality Act, as amended, in that at the time of entry or of adjustment of status, you were within one or more of the classes of aliens inadmissible by the law existing at such time, to wit: aliens who seek to procure, or have sought to procure, or who have procured a visa, or other documentation, or admission into the United States, or other benefit provided under the Act, by fraud or by willfully misrepresenting a material fact, under Section 212(a)(6)(C)(i) of the Act.
Therefore, the record reflects that the effect of the trial court in not issuing the mandatory advisement was not prejudicial regarding possible deportation specifically due to Cvekic's conviction for bigamy. Even if the bigamy conviction was vacated, the underlying misrepresentation remains; therefore, the INS still possesses unrelated grounds for deportation.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS. DIANE KARPINSKI, A.J., DISSENTS (SEE ATTACHED DISSENTING OPINION).